The Honorable Judges of the United States Court of Appeals in and for the Seventh Judicial Circuit. Hear ye, hear ye, hear ye. All persons having business before this honorable court are admonished to draw near and give their attention as the court is now sitting. God save the United States and this honorable court. Good morning and we'll begin with the case of Perkins v. Brennan and Ms. Blanchard. Okay, thank you. You may proceed. Okay, thank you. The district court was correct in finding that a decedent's representative can bring an employment discrimination claim on behalf of an estate. The court cited Collins v. Village of Woodridge, 96 Federal sub 2nd 744, in which a female police officer committed suicide. The court found that the police officer did not distinguish liability under Title VII or Section 1983. The most analogous case cited by the district court is Pusha v. Veneman, 185 F sub 2nd 566, in which the court found that the personal representative of a deceased employee may have pursued a Title VII claim, but discovery was required to determine whether the 45-day time period was equitably told. And this is exactly what we are asking the court to do here today. The court should remand the case to the district court so that a determination can be made as to whether the 45-day time period was equitably told. On July 24, 2012, Alice Perkins died at work after suffering a heart attack. What we did not know until December of 2012, which is when Dorothy received the supervisor's statement, is that Alice had an altercation with two other workers that day. Alice's supervisor asked her to go to room 188 while he spoke with the other two workers about the zero tolerance policy. And that's docket number 43, page 86 of 99. According to a report by a Dr. Richard J. Carroll, this walk would have been approximately 200 feet. And Dr. Carroll says work certainly walking any distance with chest pains and shortness of breath would not have been advantageous and may have contributed to her death. We contend that Dorothy Perkins adequately pled a cause of action for failure to accommodate under the Rehabilitation Act. In the original complaint at paragraph 11, she pled if the USPS would have adhered to USPS policy before, during, or immediately after the harassment incidents, my mother, Alice Perkins, would not have died at the time of the incident. She also states the US Postal Service failed to follow a course of formal mandatory proceedings, particularly as it relates to the agency's failure to provide reasonable accommodation, which led to my mom's death. USPS's failure to engage in the interactive process was a stark violation. That's docket number 43, page 3 of 99. She also states had the US Postal Service followed the rules, regulations, and or law regarding the mandatory interactive process or even their own USPS policy on reasonable accommodation procedure, my mom would not have died July 24, 2012 on duty at the USPS. That's docket number 43, page 6 of 99. Ms. Perkins also mentions the claim of failure to accommodate in paragraphs 50, 51, and 66 of her revised motion to amend the plaintiff's survival action and civil complaint of wrongful death. That's docket number 37. We believe that given Ms. Perkins' pro se status, the district court should have considered her to have pled a failure to accommodate claim under the Rehabilitation Act. In order to plead this cause of action, the plaintiff must allege, one, she is a qualified individual with a disability, two, the employer was aware of her disability, and three, the employer failed to accommodate her disability. And this is Gardvert v. Potts, 21F3rd, 731. We believe that Ms. Perkins has pled all of these elements. She pled that Alice, her mother, was a qualified individual with a disability by attaching the medical forms showing that Alice had psychological issues and chronic asthma. Documents show that Alice was limited in the major life activities of breathing and walking because Alice died while she was working. The court could and should have inferred that Alice was a qualified individual and she was qualified to do the essential job functions. I'm sorry. Ms. Blanchard, it's Judge Sykes. I'd like to go back to the question of exhaustion and in particular equitable tolling and why the estate waited so long to initiate. Okay, so there's two delays. There's a delay on the part of mom while she was alive and then there's a delay on the part of the estate. Sure. So to answer your question as to why Dorothy failed to request the EEOC counseling within 45 days after her mother's death, we contend it's because the defendant never produced required reports that would have informed her exactly what happened on that day. So we didn't know what happened until she got the supervisor's report sometime later. We're kind of piecing together still because she's never received the documents that she thought she was going to receive. As to why Ms. Perkins herself did not institute the EEO counseling, we contend that the failure to accommodate is totally different from the harassment claims which she complained of. As you know, a failure to accommodate claim is a discrete act which is separate and apart from her earlier hostile work environment acts. So that action of failure to accommodate in which we're alleging her death resulted from didn't happen until she died. So she could not have made the request for the EEOC counseling. So we are contending that Alice pled that her mom was a qualified individual with a disability. She produced documents showing that she was limited in the major life activities of breathing and walking. Ms. Perkins pled that the defendant was aware of Alice's disability. This is in document number 37, pages 4, 7, and 9, paragraphs 21, 22, 52, and 67. Ms. Perkins pled that the postal service failed to accommodate her mother's disability. This is on document number 37, pages 7, 9, and paragraphs 51 and 59. The postal service argues that the documents Ms. Perkins was requesting were workers' compensation documents and therefore not relevant. We contend that this argument is without merit. There were no other documents that would have provided information to Ms. Perkins. There was no EEO report that they were required to produce. So we're contending that this was the only way that they could have gotten this information. Regarding defendant's argument that Perkins failed to amend or failed to plead that Alice was an otherwise qualified individual with a disability and that she did not plead that there were essential functions of the job that Alice could not perform because of her disability, your honors, this is a very technical requirement that a pro se plaintiff could not be expected to do well. They would be expected to have difficulty with this. And your honors, I asked for two minutes to be reserved in rebuttal. I don't know if I should stop now for that. Well, you've got a minute and 40 some seconds, so you might want to stop now. Okay. Ms. North? May it please the court, counsel, this case presents no valid basis for any equitable extension of the 45-day deadline for initiating EEO counseling. And that is so even if you assume just for sake of argument that Dorothy Perkins had the right to do so. That first step, that initiating EEO counseling in 45 days is required. And it begins the administrative exhaustion process, which is required to be completed before someone can bring a claim under the Rehabilitation Act. Having failed to take this step and failed to take it timely, this claim is barred. And this court can and should affirm the district court on that simple ground and does not need to reach the several other reasons that this case also can and should be dismissed. In the briefing and also in the argument today, Ms. Perkins claims she needed certain reports, these workers' compensation reports, in order to know about the alleged discrimination that her mother faced. To succeed on that, of course, she would need to either show that she used due diligence to attempt to obtain that information and that it was necessary for her to realize that her mother had a claim and that she was unable to do so within the 45-day time period, or she would need to show that the Postal Service had done something to prevent her from discovering her claim, more an equitable estoppel argument. But the argument here that she presents is that she needed those reports to be able to awaken to the possibility that her mother may have had a claim, and yet she pursued that claim without receiving those reports. So the argument fails on its face. She didn't need to engage in some sort of due diligence to present the underlying facts because she presented them first in a complaint in this court. The underlying facts in that complaint appear in the amended complaint that then adds the Rehabilitation Act claim. And then 58 days later, she initiates EEO counseling or attempts to initiate EEO counseling on behalf of her mother. And in both of those instances, she had never received those reports. So she certainly was not missing necessary information and endeavoring to get it and being unable to do so in order to go forward. But backing up a little, the aggrieved person here under the EEO regulations is Alice Perkins, the employee who purportedly suffered the discrimination. And she never initiated EEO counseling. Now, in the brief below, there was not this argument now that she could not because the accommodation that she didn't receive was the walking 200 feet when she was not feeling well just prior to her death. So that new argument that's been presented today was not pled below. But in any event, even at that moment, Ms. Perkins had already communicated to her daughter, and according to her daughter, to a union representative of the harassment that Dorothy Perkins alleges below was the foundation of this claim. Because counsel today makes the distinction between a harassment claim and a failure to accommodate claim. But before the district court, the argument and the allegations really were sort of trying to fit a square peg into a round hole, calling it harassment and that her employers failed to stop the harassment and this caused her harm. But that's not truly your typical failure to accommodate claim. Counsel also today raised the fact of mentions throughout the complaint and the amended pleading of failure to accommodate and other types of conclusory language. Of course, that is not what is required under statute. Facts must be plausibly pled to support a claim. You cannot just recite that she was discriminated against, that she was not accommodated, that that does not meet the pleading standard. I'd also like to respond to the reference to Ms. Perkins having been in pro se status. She was pro se when she initially filed this case, but she was appointed counsel. And that was after a motion to dismiss was filed. And that counsel filed in this court a motion to withdraw because that counsel felt that he could not respond to those arguments because the Ms. Perkins then continued her case as was her right in pro se status and was allowed to amend her complaint. There's nothing apparent in the record that the district court treated Ms. Perkins more unfavorably because of her pro se status. The fact is her failure to exhaust and as is apparent from the fact that she filed a complaint with the same facts 58 days before she initiated EEO counseling is not a curable defect. And if there are no questions from the court, we simply ask that you affirm the district court. Thank you. Thank you, Ms. Blanchard. Yes. As the Postal Service points out, this court has applied equitable tolling when a plaintiff exercising due diligence cannot, within a statutory period, obtain the information necessary to realize she has a claim or when the defendant prevents a plaintiff from filing within the statutory period. We are contending that facts one and three exist, that Ms. Perkins exercised due diligence in requesting the necessary information, but it was not provided. She complains of this from the very original pleading when she was pro se and that by failing to provide this information, the defendant actually prevented her from filing. Regarding the argument that she was appointed counsel, the counsel never drafted a single so essentially she acted and was treated pro se throughout this procedure. So regarding the argument that she had pled the same thing earlier in the complaint, Your Honor, or earlier in this procedure, and therefore she didn't need any other information. I think what counsel is relying on or is referring to is the harassment issues. And that is a discreet act and is separate from the failure to accommodate claim. Thank you very much. And thanks to both counsel and the case will be taken under advice.